484 So.2d 577 (1986)
Moses JONES, Petitioner,
v.
STATE of Florida, Respondent.
No. 66335.
Supreme Court of Florida.
February 13, 1986.
Rehearing Denied April 3, 1986.
*578 James B. Gibson, Public Defender and Larry B. Henderson, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen. and Sean Daly, Asst. Atty. Gen., Daytona Beach, for respondent.
ADKINS, Justice.
We have for review Jones v. State, 459 So.2d 475 (Fla. 5th DCA 1984), in which the district court of appeal affirmed Jones' conviction of aggravated battery and certified to this Court the following question as one of great public importance:

Harris v. State, 438 So.2d 787 (Fla. 1983), recognizes a constitutional right of an accused in a capital case to have the jury instructed as to necessarily lesser included offenses and that the violation of that right constitutes fundamental error, a waiver of which, to be effective, must be made on the record knowingly and intelligently by the accused personally rather than by counsel. Do those charged with non-capital crimes enjoy this constitutional right as well as those charged with capital crimes?
459 So.2d at 476. We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and answer the question in the negative.
Petitioner was charged with aggravated battery under section 784.045(1)(b), Florida Statutes (1983) (battery involving the use of a deadly weapon), and was therefore entitled to have the jury instructed on the necessarily lesser included offense of battery. Fla.R.Crim.P. 3.510(b); State v. Bruns, 429 So.2d 307 (Fla. 1983). No such instructions were given, however, because petitioner's counsel below requested, on his client's behalf, that the instructions on battery not be given. This strategy accorded with petitioner's "all or nothing" defense at trial.
Petitioner's counsel below chose to base its defense on a sole ground  that petitioner had not done the act  and thus put the state to its proof. The record below indicates a classic waiver of the right to have the jury instructed on lesser included offenses. At the jury instruction conference, the court asked which lesser included instructions were desired. Counsel responded "Moses doesn't want any lesser included offenses. He is waiving them." The relevant portion of the conference should be set out in full:
Defense Counsel (to Moses): You understand we're going for everything or nothing? Do you understand that?
The Court: If you want to talk to him, you may.
Defense Counsel: I told him that outside.
The Court: You talked to him at length.
Defense Counsel: Could I have a second?
The Court: Take your time. Take your time. Tell him in detail what a lesser included offense is.
Defense Counsel: Your Honor, Moses understands and he wants to waive the lesser offenses.
The Court: All right.
When the instructions on aggravated battery were given to the jury, too, the court specifically inquired of defense counsel whether he wished to place anything on the record before the jury retired. Consistent with the strategy outlined above, counsel made no objections to the instructions as given.
Petitioner's conviction of aggravated battery, of course, indicated that the strategy had not worked. We are now asked to find that no valid waiver of petitioner's right to instructions on lesser included offenses took place. Reversal is warranted in this case, it is contended, because the waiver below was not sufficiently personal, knowing and intelligent. We disagree, finding absolutely no factual foundation for such a *579 contention in this case. Petitioner has been accorded his full measure of due process.
In formulating his argument, petitioner asks us to apply the label "fundamental error" to this case, thereby allowing this Court to stray from the long and unbroken lines of precedent conditioning a right to jury instructions on lesser included offenses upon a request for such instructions, State v. Bruns, 429 So.2d 307 (Fla. 1983); Griffin v. State, 414 So.2d 1025 (Fla. 1982); Chester v. State, 441 So.2d 1165 (Fla. 2d DCA 1983); Wheat v. State, 433 So.2d 1290 (Fla. 1st DCA 1983), review denied, 444 So.2d 418 (Fla. 1984), and requiring a contemporaneous objection as a predicate to proper appellate review, Harris v. State, 438 So.2d 787 (Fla. 1983), cert. denied, 466 U.S. 963, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984); Ray v. State, 403 So.2d 956 (Fla. 1981).
In support of his contention, petitioner points to an "evolution in the case law" recognizing a defendant's right to jury instructions on lesser included offenses as "fundamental" in nature. Our decision of Harris is cited as the starting point of such a trend.
In Harris, we held that a capital defendant, as a matter of due process, is entitled to have the jury instructed on all necessarily lesser included offenses. While the right is capable of waiver by the defendant, we found the right sufficiently integral to due process in the capital context to require a personal, as well as knowing and intelligent waiver established on the record.
The Harris holding was, in part, based on the United States Supreme Court's decision of Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). In Beck, the Court struck down as violative of due process an Alabama statute prohibiting a judge in a capital case from instructing the jury on lesser included offenses. Citing the "significant constitutional difference between the death penalty and lesser punishments," 447 U.S. at 637, 100 S.Ct. at 2389, the Court reasoned that the failure to give the jury the "third option"  of convicting on an appropriate lesser included offense, as opposed to either conviction or acquittal, impermissibly enhanced the risk of an unwarranted conviction.
In the absence of a "third option," a conviction might signal a jury's belief that the defendant had committed some serious crime deserving of punishment, while an acquittal could reflect a hesitancy to impose the ultimate sanction of death. Such possibilities, the Court held, "introduce a level of uncertainty and unreliability into the factfinding process that cannot be tolerated in a capital case." 447 U.S. at 643, 100 S.Ct. at 2392.
While we acknowledged in Harris the fundamentality of the right to such instructions to due process in the capital context, we here decline to apply that case's requirement of an express personal waiver outside of the context in which it was found necessary. As petitioner himself suggests, due process is not a technical conception of fixed content unrelated to time, place and circumstances. Far from the situation in Beck, where jury instructions on lesser included offenses were forbidden, petitioner was here offered an opportunity to have such instructions given, and quite clearly waived the opportunity. We decline to apply the formal requirement of Harris to this case, where no question exists as to the fact, as opposed to the proper manner, of a waiver below.
We find that no personal waiver is required in order to guarantee fundamental fairness in the non-capital context. Further, we find the facts of this case poor ones on which to carve out an exception to the general principle that a client is bound by the acts of his attorney performed within the scope of the latter's authority. State ex rel. Gutierrez v. Baker, 276 So.2d 470 (Fla. 1973).
Recognizing that the role of defense counsel necessarily involves a number of tactical decisions and procedural determinations inevitably impacting on a defendant's constitutional rights, we find that no useful purpose would here be served by requiring the court to ensure that, in this instance, *580 counsel's conduct truly represents the informed and voluntary decision of the client. See Estelle v. Williams, 425 U.S. 501, 512, 96 S.Ct. 1691, 1697, 48 L.Ed.2d 126 (1976).
We therefore answer the certified question in the negative.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD and EHRLICH, JJ., concur.
SHAW, J., concurs in result only.