537 So.2d 969 (1988)
Norman PARKER, Petitioner,
v.
Richard L. DUGGER, Secretary, Department of Corrections, State of Florida, Respondent.
No. 72466.
Supreme Court of Florida.
December 1, 1988.
Rehearing Denied February 27, 1989.
*970 Larry Helm Spalding, Capital Collateral Representative, and Billy H. Nolas and Julie Naylor, Staff Attys., Office of the Capital Collateral Representative, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Ralph Barreira, Asst. Atty. Gen., Miami, for respondent.
PER CURIAM.
Norman Parker, under sentence of death, petitions this Court for a writ of habeas corpus and requests a stay of execution. We have jurisdiction under article V, section 3(b)(9) of the Florida Constitution.
The facts surrounding the crime are fully set forth in our opinion on direct appeal, Parker v. State, 456 So.2d 436 (Fla. 1984). Petitioner presents seven issues for our consideration. First, he argues that a pretrial statement given to Metro Dade policemen was obtained in violation of his fifth and sixth amendment rights to counsel. This issue was presented and rejected on direct appeal as procedurally barred because petitioner failed to object at trial and did not preserve the issue for appeal. It is still procedurally barred. Moreover, even if the issue was cognizable in postconviction proceedings, which it is not, such claims are cognizable only under rule 3.850 of the Florida Rules of Criminal Procedure.[1]
Petitioner next claims that the felony murder instructions given to the jury were constitutionally deficient and that appellate counsel was ineffective for failing to raise this issue. During the oral instructions, the trial judge inadvertently omitted the definition of first-degree felony murder. The definition was included in the written instructions which the jury was told it should review if in doubt on any instruction. Although the judge asked if *971 there had been any omissions to the instructions, trial counsel did not bring the omission to the attention of the court and the issue was not preserved for appeal. Appellate counsel cannot be faulted for not raising an unpreserved issue. Moreover, even if the written instructions were not sufficient to advise the jury, the omission is harmless. The prosecution placed heavy emphasis on the evidence showing that the murder was premeditated, not merely that it was committed during the course of a felony, and that the jury returned verdicts of guilt on four counts of robbery, sexual battery, and unlawful possession of a firearm during the commission of a felony. This was not merely a murder occurring during a felony. In finding that the murder was cold, calculated, and premeditated, we stated:
The evidence shows that the murder victim had been pleading with defendant not to harm his girl friend and, at the time he was murdered, was lying naked, face down, on a bed. Before killing the victim by a gunshot blast into his back, defendant accepted a pillow from his partner in order to muffle the shot. It is clear beyond any reasonable doubt that the murder was committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification, in order to prevent any interference by the murder victim with the sexual battery which immediately followed the murder.
Parker, 456 So.2d at 444. Under the circumstances, the ommission was harmless. Brown v. State, 521 So.2d 110 (Fla. 1988); Teffeteller v. State, 439 So.2d 840 (Fla. 1983), cert. denied, 465 U.S. 1074, 104 S.Ct. 1430, 79 L.Ed.2d 754 (1984); Frazier v. State, 107 So.2d 16 (Fla. 1958).
Petitioner's third claim is that he was prejudiced by (1) the trial court's failure to instruct the jury on lesser included offenses of the contemporaneous noncapital felonies with which he was charged, and (2) appellate counsel's subsequent failure to raise this issue on appeal. In support, petitioner relies on Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), and Harris v. State, 438 So.2d 787 (Fla. 1983). In Beck, an Alabama statute prohibited giving jury instructions on noncapital lesser included offenses when a capital offense was charged even if the evidence would support a conviction on such lesser included offenses. The effect of this was to present the jury with the choice of guilty or not guilty of the charged capital offense. The United States Supreme Court reasoned that this stark choice might lead a jury to convict on the capital offense, even though it had a reasonable doubt, because it was clear from the evidence that the accused had committed a murder and should not be totally acquitted. The Court concluded that the preclusion introduced "a level of uncertainty and unreliability into the fact-finding process that cannot be tolerated in a capital case." Id. 447 U.S. at 643, 100 S.Ct. at 2392. See also Hopper v. Evans, 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982), where the Court revisited Beck and held that the Alabama statute did not prejudice the defendant where the capital offense was clearly proven and the evidence would not have permitted a jury to rationally find him guilty of the lesser offense and not guilty of the greater capital offense. The factual situation here is unlike that of Beck. The jury was instructed on the noncapital lesser included offenses to first-degree murder and was not presented with the stark choice condemned in Beck. Moreover, instructions on the lesser included offenses to the contemporaneous, noncapital felonies were not given at the request of defense counsel.
Petitioner nevertheless argues that under our decision in Harris, he was absolutely entitled to the instructions barring an explicit personal waiver by himself. In Harris, the defense counsel requested that instructions on the lesser included offenses to first-degree (capital) murder not be given whereupon "[t]he trial court, before agreeing ... questioned Harris and obtained an unambiguous waiver from Harris of his right to have these instructions given." 438 So.2d at 792. We acknowledged the Beck holding that a state could not prohibit the giving of lesser-included instructions to a capital offense without *972 violating the United States Constitution, but held that the personal waiver by Harris was permissible. Although the issue was not presented, we went on to add that there must be more than a request from counsel that the instructions not be given, that there must be an express waiver by the defendant which was knowingly and intelligently made. It is this letter pronouncement which petitioner relies on in arguing that he did not personally and expressly waive the lesser-included instructions to the noncapital offenses. Petitioner's argument is flawed in three respects. First, unlike Beck and Harris, instructions on the lesser included offenses of the first-degree (capital) offense were given to the jury and it was not presented with the stark choice condemned in Beck. Second, petitioner does not cite or allude to Jones v. State, 484 So.2d 577 (Fla. 1986), where we limited Harris to its factual context and held that the requirement that a defendant personally and expressly waive instructions on lesser included offenses did not apply in the noncapital context. In doing so, we reaffirmed in a noncapital context the well-established rule "conditioning a right to jury instructions on lesser included offenses upon a request for such instructions ... and requiring a contemporaneous objection as a predicate to proper appellate review." Jones, 484 So.2d at 579 (citations omitted). Neither condition was met here. Third, although petitioner does not raise this point, the failure to include lesser included offenses on the noncapital underlying felony charges could have no effect on the jury's deliberations on the capital charge in view of our finding on claim two that the jury verdict rested on premeditated murder. In summary, the claim as it pertains to the trial judge's failure to instruct on lesser included offenses is procedurally barred for failure to preserve it at trial and, further, is cognizable only in a rule 3.850 proceeding. Appellate counsel cannot be faulted for not raising an issue not preserved at trial. There is no merit to either point one or two of the claim.
Petitioner next claims that finding the murder cold, calculated, and premeditated based on a statutory amendment occurring after the murder took place violates the ex post facto clause. Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). This issue is procedurally barred for failure to preserve at trial or raise it on direct appeal and is cognizable only under rule 3.850. The issue has also been previously decided contrary to petitioner's position. Justus v. State, 438 So.2d 358 (Fla. 1983), cert. denied, 465 U.S. 1052, 104 S.Ct. 1332, 79 L.Ed.2d 726 (1984). Moreover, in view of the five aggravating and no mitigating factors present here, we are satisfied that deletion of the cold, calculating, and premeditated factor would not affect the sentencing decision.
In his fifth claim, petitioner asserts that the jury heard testimony during the guilt phase which could be understood as a victim impact statement and that the judge considered a presentence investigation (PSI) report containing victim impact information and the testimony of family members prior to sentencing. Booth v. Maryland, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987). This claim is procedurally barred for failure to object at trial or to present it on direct appeal and is cognizable only under rule 3.850. Grossman v. State, 525 So.2d 833 (Fla. 1988). Moreover, the testimony heard by the jury cannot be fairly characterized as victim impact evidence. As for the victim impact information heard by the judge, the prosecutor pointed out to the judge that the information in the PSI could not be used in determining aggravating factors and the judge made clear in her remarks and sentencing order that he limited his sentencing decision to the statutory aggravating factors. Grossman. The five aggravating factors found by the judge included the facts that petitioner was an escapee from life imprisonment for a previous first-degree murder and had been previously convicted in another murder committed after fleeing from this murder. This weighty aggravation, the other aggravation, the absence of mitigation, and the recommendation of the jury which heard no victim impact evidence show beyond a reasonable doubt that the death sentence would have been imposed absent the victim impact evidence. Grossman.
*973 Petitioner's sixth claim is that his death sentence is for felony murder and that use of the underlying felony as an aggravating factor violates the eighth and fourteenth amendments. This issue was not presented at trial and is procedurally barred. Moreover, it is cognizable only under rule 3.850. Finally, the claim has been previously decided contrary to petitioner's position. Lowenfield v. Phelps, 484 U.S. 231, 108 S.Ct. 546, 98 L.Ed.2d 568 (1988); Bertolotti v. State, 534 So.2d 386, 387 n. 3 (Fla. 1988).
Petitioner's final claim is that the trial judge erred in not advising the jury that the sentences in the present case could be imposed consecutively to the sentences in the separate murders for which petitioner has been convicted. Petitioner attempts to raise this seventh issue by an untimely supplement to his first petition for habeas relief. Florida Rule of Criminal Procedure 3.851 specifies that petitions for collateral relief under the circumstances present here must be filed within thirty days of the warrant's signing. Petitioner has presented no valid reason for this untimely filing. The supplementary petition is barred by the terms of rule 3.851. Moreover, even if it were not, it is procedurally barred by rule 3.850 for failure to preserve at trial or raise it on direct appeal.
Having found that all claims are either procedurally barred or nonmeritorious, we deny all relief. We are aware that petitioner has also filed a petition for relief under rule 3.850 and obtained a stay of execution pending an evidentiary hearing. Our decision here is without prejudice to petitioner's right to pursue relief under that petition.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs in result only.
NOTES
[1] The final paragraph of rule 3.850:

An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.