537 So.2d 109 (1989)
James Michael MACK, Appellant,
v.
STATE of Florida, Appellee.
No. 71099.
Supreme Court of Florida.
January 12, 1989.
James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
We review Mack's conviction of murder and his sentence of death pursuant to article V, section 3(b)(1), of the Florida Constitution. We address only one point because it is dispositive of this appeal.
The appellant was not present at the charge conference, although his counsel said that he had waived his appearance. At that time, defense counsel waived all the instructions on the lesser included offenses of first-degree murder. He said he had discussed this with his client, and this is what his client wanted. There is no personal statement by appellant in the record that he wished to waive his right to have instructions given on the lesser included offenses of murder.
In Harris v. State, 438 So.2d 787 (Fla. 1983), cert. denied, 466 U.S. 963, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984), also a capital case, defense counsel on behalf of his client made a specific request that no instruction *110 be given on the necessarily included offenses. The court interrogated the defendant on the record to make sure that he knew of this request and was making an understanding waiver of his right to the instructions on the lesser crimes. On appeal, this Court held that no error had occurred because the defendant had a right to waive the instructions on lesser included offenses. However, the Court added:
But, for an effective waiver, there must be more than just a request from counsel that these instructions not be given. We conclude that there must be an express waiver of the right to these instructions by the defendant, and the record must reflect that it was knowingly and intelligently made.
438 So.2d at 797.
Several years later in Jones v. State, 484 So.2d 577 (Fla. 1986), the Court declined to extend the rule of personal waiver to noncapital cases. We explained that the requirement set forth in Harris was imposed as a matter of due process only applicable to capital cases.
Because the record reflects no personal waiver of appellant's right to have the jury instructed on the lesser included offenses, the conviction and sentence are hereby reversed and the case is remanded for a new trial.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.
GRIMES, J., concurs with an opinion.
GRIMES, Justice, concurring.
The rule adopted in Harris v. State, 438 So.2d 787 (Fla. 1983), cert. denied, 466 U.S. 963, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984), that a waiver of instructions on the lesser included offenses of murder must be made on the record personally by the defendant was ill-advised obiter dictum. In Jones v. State, 484 So.2d 577 (Fla. 1986), this Court said that the Harris rule was in part based on Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). However, Beck only held that an Alabama statute prohibiting instructions on lesser included offenses in capital cases was unconstitutional as violative of due process. Neither that or any other case of which I am aware, excepting Harris, requires that the decision to waive instructions on the lesser included offenses of murder be personally verified on the record by the defendant.
In the course of a criminal trial, defense counsel necessarily makes many tactical decisions and procedural determinations which inevitably impact on his client. It is impractical and unnecessary to require an on-the-record waiver by the defendant to anything but those rights which go to the very heart of the adjudicatory process, such as the right to a lawyer, Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), the right to a jury trial, Florida Rule of Criminal Procedure 3.260, or the right to be present at a critical stage in the proceeding. Francis v. State, 413 So.2d 1175 (Fla. 1982); Fla.R.Crim.P. 3.180. The defendant can even waive the right to testify without personally having to express his intent on the record. Torres-Arboledo v. State, 524 So.2d 403 (Fla.), cert. denied, ___ U.S. ___, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988). It is unfortunate that this case must be retried because both the trial judge and the lawyers were unaware of a rule that didn't need to be adopted in the first place.