PER CURIAM.
Salvador F. Mustelier petitions for a writ of habeas corpus for ineffective assistance *354 of appellate counsel. He was convicted of first degree felony murder and conspiracy to traffic in cocaine in a trial at which the death penalty was waived.
We address the first issue in the petition. Mustelier contends that on direct appeal his appellate counsel should have raised as a fundamental error the trial court’s failure to instruct the jury as to the necessarily lesser included offense of second degree murder.* Mustelier’s trial counsel made no request for such an instruction at trial, although Mustelier himself did not personally waive the giving of this instruction. We conclude that in a ease in which the death penalty has been waived, the applicable rule is that stated in Jones v. State, 484 So.2d 577, 579 (Fla.1986), rather than the case relied on by Mustelier, Harris v. State, 438 So.2d 787 (Fla.1983). Jones reasoned that the Harris rule was created because of the situation facing the jury where the State seeks the death penalty. The Jones court held, “we here decline to apply that case’s [Harris ’] requirement of an express personal waiver outside the context in which it was found necessary.” Jones, 484 So.2d at 579. It is true that first degree murder remains statutorily classified as a capital crime even though the death penalty has been waived, State v. Griffith, 561 So.2d 528, 529 (Fla.1990), and it is true that Jones refers to Harris’ applicability to capital cases. Fairly read, however, we think that the Jones court limited Harris to those cases in which the death penalty is sought. The logic of Jones requires denial of relief. It therefore follows that (1) it is not fundamental error for the trial court not to instruct the jury on the necessarily included offense of second degree murder in a prosecution for first degree felony murder where, as here, the death penalty has been waived by the parties, and that, accordingly, no personal waiver by the defendant of the failure to so instruct the jury is required, and (2) appellate counsel herein was not ineffective for failing to raise such a point on appeal.
Mustelier’s other points in his petition are without merit.
Petition denied.

 Petitioner did not personally commit the murder in the present case. The jury was instructed on second degree felony murder as a lesser included offense. Mustelier contends that under Scurry v. State, 521 So.2d 1077 (Fla.1988), he was entitled to an instruction on second degree murder as well. Were it not for the categorical language of Scurry, we would conclude that no additional instruction on second degree murder was required, given the instruction on second degree felony murder.