DANAHY, Acting Chief Judge.
B.S.W. challenges his conviction and sentence for battery, a violation of section 784.03, Florida Statutes (1993). He argues that since the allegations of the state’s petition only outline the crime of robbery it was error for the trial court to find him guilty of battery. He is correct because battery is a Category 2 lesser-included offense of robbery. See Fla.Std. Jury Instr. (Crim) 295. For the trial court to convict upon proper proof of a Category 2 lesser-included crime, the allegations of the charging document must also contain the elements of such crime. See Jaramillo v. State, 659 So.2d 1238 (Fla. 2d DCA 1995); Gay v. State, 432 So.2d 602, 604 (Fla. 2d DCA 1983). Because the petition in this case did not contain the elements of the crime of battery, the trial court erred in convicting the appellant of that crime.
We reverse the conviction, which moots the sentencing issue,[1] and remand for further proceedings. On remand the state may again prosecute the appellant but only for battery. See Jaramillo.
CAMPBELL and FRANK, JJ., concur.

. Although we do not reach the sentencing issue because of our disposition, and because a similar issue may arise on remand, we note that C.F. v. State, 603 So.2d 40 (Fla. 4th DCA 1992), is the proper precedent for the sentencing scheme imposed by the trial court.