685 So.2d 1356 (1996)
Christopher LAWRENCE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00194.
District Court of Appeal of Florida, Second District.
June 28, 1996.
James Marion Moorman, Public Defender, and Amy Porinchak Thornhill, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Judge.
The charges against appellant Christopher Lawrence arose while he was a passenger in *1357 a taxi cab. An altercation broke out between Lawrence and the driver which resulted in Lawrence being charged with attempted first-degree felony murder and attempted robbery with a weapon, the weapon being a piece of wire. After jury trial, Lawrence was convicted of the robbery as charged and on the charge of attempted first-degree felony murder, he was convicted of the lesser-included offense of aggravated battery. We affirm on the robbery conviction and reverse as to the aggravated battery.
Aggravated battery is a category two permissive lesser-included offense of attempted first-degree murder. State v. Johnson, 601 So.2d 219 (Fla.1992). To sustain a conviction of a category two lesser-included offense, the information must allege each of the elements of that crime. B.S.W. v. State, 668 So.2d 1075 (Fla. 2d DCA 1996). The essential elements of the offense of aggravated battery which are missing from the information in this case are that the defendant: "1. Intentionally or knowingly cause[d] great bodily harm, permanent disability, or permanent disfigurement; or 2. Use[d] a deadly weapon." See § 784.045(1)(a), Fla. Stat. (1993). We, therefore, reverse that conviction.[1]
Our holding today does not preclude the state from charging Lawrence with aggravated battery in a new information alleging all of the elements of that offense. Gay v. State, 432 So.2d 602 (Fla. 2d DCA 1983); State v. Salters, 634 So.2d 1095 (Fla. 2d DCA 1994).
With respect to costs imposed at sentencing, we strike the $2 discretionary cost imposed pursuant to section 943.25(13), Florida Statutes (1993), because it was not orally pronounced. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995).
Affirmed in part and reversed in part.
DANAHY, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] Attempted first-degree felony murder is not a crime. State v. Gray, 654 So.2d 552 (Fla.1995). We do not reach the issue of whether a conviction of a "lesser included offense" of a nonexistent offense could be sustained because the conviction here is invalid on other grounds.