697 So.2d 878 (1997)
Craig B. ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2265.
District Court of Appeal of Florida, Fifth District.
June 20, 1997.
Rehearing Denied August 5, 1997.
James B. Gibson, Public Defender, and Andrea J. Surette, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Roberta J. Tylke, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION FOR REHEARING
GRIFFIN, Judge.
Upon review of appellant's motion for rehearing and further consideration of the issue presented on appeal, we withdraw our prior opinion and issue the following opinion in its stead.
Craig B. Anderson was convicted of burglary of an occupied conveyance. During jury selection, the assistant state attorney asked the judge whether Anderson should not be at the bench during jury strikes. The judge responded, "Not unless he wants to be." Anderson was not brought to the bench nor did the judge ascertain whether he knowingly waived his right to be there.
We are bound to reverse the conviction of appellant in this case based on the rule announced in Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995). Coney *879 was issued on January 5, 1995 and became final on April 27, 1995. This case was tried on June 10, 1996. The rule announced in Coney required the trial judge either to certify through proper inquiry that the defendant had made a knowing, intelligent and voluntary waiver of his right to be present at the bench during the challenging of the jury or that he had acquiesced in the strikes after they were made. This is a formality not observed by the trial court in this case, and Coney mandates reversal. Unlike Coney, where no preemptories were exercised, or Goney v. State, 691 So.2d 1133 (Fla. 5th DCA 1997), where the court inquired of the defendant about his satisfaction with the jury, in the present case, five jurors were excused and no inquiry was made of the defendant. We cannot find harmless error.
REVERSED and REMANDED.
SHARP, W., J., concurs.
HARRIS, J., dissents, with opinion.
HARRIS, Judge, dissenting.
I respectfully dissent.
Courts occasionally make judgments based on inaccurate assumptions. See, for example, our recent decision in State v. Hampton, 692 So.2d 278 (Fla. 5th DCA 1997), in which we were required to correct our earlier opinion in Wells v. State, 571 So.2d 563 (Fla. 5th DCA 1990), a case in which we had improperly relied on the State's tacit concession that a particular statute of limitation was three instead of five years. The supreme court has indicated that Coney v. State, 653 So.2d 1009 (Fla.1995), also resulted from an improper assumption.[1] Had the State not improperly conceded that the defendant has the right to be present at sidebar during jury challenges, it is doubtful that Coney would have announced a new definition of "presence in the courtroom" which included the right to be present "at the immediate site" where challenges are exercised and further, that this right could be waived only by a personal "knowing, intelligent and voluntary" waiver.
The issue we face in this case results from the fact that Boyett, instead of receding from Coney, elected to amend the rules (effective January 1, 1997) to redefined "presence in the courtroom" to mean what it was generally thought to mean prior to Coney. Since Anderson was tried after Coney but before the effective date of the amendment (the Florida Law Weekly indicates that many were), the majority concludes that he had the right, unless personally waived, to be at sidebar during jury challenges. Because he was not present at sidebar and because he did not personally waive this right, the majority concludes that Anderson is entitled to a new trial. I disagree.
First, does the Coney requirement that one make a personal "knowing, intelligent and voluntary" waiver of the right to be at sidebar during jury challenges apply to this case? It should be recognized that Coney was a capital case in which the death penalty was being sought. Anderson, on the other hand, is a petty burglar who was sentenced to thirty-six months in prison. The supreme court has recognized this as a distinction when determining whether a personal waiver is required in order to guarantee fundamental fairness.
In Jones v. State, 484 So.2d 577 (Fla.1986), the supreme court distinguished its decision in Harris v. State, 438 So.2d 787 (Fla.1983), cert. denied, 466 U.S. 963, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984), a capital case, which held that the defendant had to make a personal "knowing, intelligent and voluntary" joinder in counsel's decision as to which lesser included charges to request. The Jones court explained why Harris should not apply to a non-capital case:
The Harris holding was, in part, based on the United States Supreme Court's decision of Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). In Beck, the court struck down as violative of due process an Alabama statute prohibiting a judge in a capital case from instructing the jury on lesser included offenses. Citing the "significant constitutional difference *880 between the death penalty and lesser punishments," 447 U.S. at 637, 100 S.Ct. at 2389, the court reasoned that the failure to give the jury the "third option"  of convicting on an appropriate lesser included offense, as opposed to either conviction or acquittal, impermissibly enhanced the risk of an unwarranted conviction.
* * * * * *
We find no personal waiver is required in order to guarantee fundamental fairness in a non-capital context. Further, we find the facts of this case poor ones on which to carve out an exception to the general principle that a client is bound by the acts of his attorney performed within the scope of the latter's authority. (Citation omitted.) Recognizing that the role of the defense counsel necessarily involves a number of tactical decisions and procedural determinations inevitably impacting on a defendant's constitutional rights, we find that no useful purpose would here be served by requiring the court to ensure that, in this instance, counsel's conduct truly represents the informed and voluntarily decision of the client. (Citation omitted.)
Jones, 484 So.2d at 579-80.
Therefore, based on the reasoning of Jones, it does not appear that the right to be at sidebar during jury challenges is of sufficient significance in a non-capital context to depart from the general principle that a client should be bound by the acts of his lawyer.
Even if the Coney personal waiver requirement applies and the court erred in not bringing Anderson to sidebar during jury challenges, still Coney recognizes that "the defendant may ratify strikes made outside his presence by acquiescing in the strikes after they are made." Coney, 653 So.2d at 1013. (Emphasis added.) If we assume that the supreme court chose its language advisedly, then Anderson's ratification of the strikes even if made "outside his presence" could properly be made "tacitly or passively." In our case, after counsel had returned to his position beside Anderson, the court asked whether the defense accepted the jury as seated. Anderson, who had been present during the entire voir dire proceedings and had heard all of the questions to and answers from the potential jurors and was able to consult with his counsel if he desired, sat passively as his counsel, now in his presence, announced the defense's acceptance of the jury. This was a tacit ratification of the jury strikes.
NOTES
[1] See Boyett v. State, 688 So.2d 308, (Fla. 1997). This was also a capital prosecution in which the death sentence was being sought which explains why the Jones v. State, 484 So.2d 577 (Fla.1986), holding relating to personal waivers in a noncapital context was not considered.