PER CURIAM.
Norman Parker, an inmate under sentence of death, appeals an order of the trial court summarily denying relief on his second rule 3.850 motion.[1] We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm.
The facts are set out fully in our opinion on direct appeal. See Parker v. State, 456 So.2d 436 (Fla.1984). During a cocaine deal in a Miami apartment on July 18, 1978, Norman Parker and an accomplice pulled guns on three men and a woman and forced them to disrobe and lie on a bed. Parker then shot one man in the chest through a pillow and raped the woman. Parker was identified from a photo lineup by the survivors and was arrested the next month after shooting a man in a Washington, D.C., bar. A bullet from the Washington crime matched the bullet from the Florida murder. Parker was convicted in Florida of first-degree murder, sexual battery, and four counts of robbery.
During the penalty phase, the State introduced proof that Parker had twice previously been sentenced to life imprisonment: for a first-degree murder committed in the 1960s, and for a second-degree murder committed in the 1970s. The jury recommended death and the court sentenced him to death based on five aggravating circumstances and no mitigating circumstances.[2] The court also sentenced him to consecutive life terms on each of the remaining counts. We affirmed the convictions and sentences. Parker v. State, 456 So.2d 436 (Fla.1984). We denied his subsequent petition for writ of habeas corpus, Parker v. Dugger, 537 So.2d 969 (Fla.1988), and affirmed the denial (following an evidentiary hearing) of his first motion for rule 3.850 relief. Parker v. State, 611 So.2d 1224 (Fla.1992).
Parker now appeals the summary denial of his second rule 3.850 motion, raising six issues.[3] We find that each of Parker’s claims is procedurally barred for one or more of the following reasons: He failed to object at trial;[4] he raised the issue on direct appeal;[5] or he raised the issue in a prior *746 motion or petition.[6] Parker’s claim that trial and appellate counsel were ineffective for failing to litigate these claims is similarly procedurally barred.[7] We affirm the summary denial of rule 3.850 relief.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS and PARIENTE, JJ., concur.
ANSTEAD, J., concurs in result only.

. See Fla. R.Crim. P. 3.850.

. The court found that the murder was committed while Parker was under sentence of imprisonment; that Parker previously had been convicted of a violent felony; that the murder was committed during the course of a sexual battery; that the murder was committed for pecuniary gain; and that the murder was committed in a cold, calculated, and premeditated manner (CCP).

. Claim 1 is procedurally barred for this reason. See, e.g., Pope v. State, 702 So.2d 221 (Fla.1997).

. Claim 3 is procedurally barred for this reason. See, e.g., Parker v. State, 611 So.2d 1224 (Fla.1992).

. Claims 2, 4, 5, and 6 are procedurally barred for this reason. See, e.g., Francois v. Wainwright, 470 So.2d 685 (FIa.1985).

. Parker raised ineffectiveness in a prior motion. See Pope.