720 So.2d 1109 (1998)
Henry MANKA, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3318.
District Court of Appeal of Florida, Fourth District.
October 21, 1998.
Rehearing Denied December 7, 1998.
Gene Reibman, Fort Lauderdale, for appellant.
*1110 Robert A. Butterworth, Attorney General, Tallahassee, and Douglas J. Glaid, Assistant Attorney General, West Palm Beach, for appellee.
STONE, Chief Judge.
We affirm Appellant's conviction on counts of attempted second-degree murder and aggravated battery.
At trial, Appellant sought to introduce a co-defendant's sworn taped statement, under the hearsay exception for statements against interest. § 90.804(2)(c), Fla. Stat. (1997) The co-defendant was "unavailable" at Appellant's trial because of his intent to exercise his Fifth Amendment rights if called to testify. The trial court, in rejecting this evidence, found that the statement was not contrary to the co-defendant's penal interest because it was exculpatory in nature rather than a confession, and also found that the statement lacked trustworthiness because it was contradicted by the medical testimony regarding the victim's injuries.
At the close of the trial, as it had indicated in the charge conference, the court instructed the jury on the offense of attempted second-degree murder and on the offense of aggravated battery and the lesser-included offense of simple battery. Appellant neither requested, at the charge conference, that the jury be instructed on the lesser-included offense of attempted manslaughter, nor objected, during or after the jury instructions, to the court's failure to instruct the jury on the charge of attempted manslaughter.
We reject Appellant's assertion that the co-defendant's statement is admissible as an exception to the hearsay rule. Section 90.804(2)(c), Florida Statutes, provides:
(c) Statement against interest.-A statement which, at the time of its making, was so far contrary to the declarant's pecuniary or propriety interest or tended to subject the declarant to liability or to render invalid a claim by the declarant against another, so that a person in the declarant's position would not have made the statement unless he or she believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is inadmissible, unless corroborating circumstances show the trustworthiness of the statement.
This court has previously recognized the requirements for admitting a co-defendant's pre-trial statement as a statement against interest under sec. 90.804(2)(c) in Perry v. State, 675 So.2d 976 (Fla. 4th DCA 1996); they are:
(1) the declarant is unavailable as a witness, (2) the statement must so far tend to subject the declarant to criminal liability that a reasonable person in the declarant's position would not have made the statement unless he or she believed it to be true, and (3) corroborating circumstances clearly indicate the trustworthiness of the statement.
Id. at 980. Patently, all three requirements for admissibility must be met. See also Denny v. State, 617 So.2d 323 (Fla. 4th DCA 1993). Here, the trial court found that the statement lacked two of the three requirements.
We also find that by failing to preserve his objection to the omission of the instruction on the lesser-included offense of attempted manslaughter, Appellant waived his right to appeal that issue. The failure to charge on the lesser-included offense to a non-capital offense is not fundamental error. In McKinney v. State, 579 So.2d 80 (Fla. 1991), the defendant, like Appellant, failed to request an instruction on a necessarily lesser-included offense to a non-capital charge. The court held that, "failure to instruct on the lesser-included offense of false imprisonment was not preserved for review unless trial counsel objects to the instruction given." Id. at 84. See also Jones v. State, 484 So.2d 577 (Fla.1986) (in non-capital cases, failure to instruct on a necessarily included lesser offense is not fundamental error); Parker v. Dugger, 537 So.2d 969 (Fla.1988).
We also reject Appellant's claim that the crime of attempted second-degree murder does not exist in Florida. The supreme court, in Gentry v. State, 437 So.2d 1097 (Fla.1983), implicitly addressed the existence of the crime of attempted second-degree murder in deciding whether an attempt to commit the general intent crime of second-degree murder requires proof of specific intent, holding that where the "... state is not *1111 required to show specific intent to successfully prosecute the completed crime, it will not be required to show specific intent to successfully prosecute an attempt to commit that crime." Id. at 1099.
We have considered the recent decision of State v. Gray, 654 So.2d 552 (Fla.1995), wherein the supreme court repudiated the existence of the crime of attempted felony murder. We are mindful of the dissent in Watkins v. State, 705 So.2d 938 (Fla. 5th DCA 1998), which noted that the Gray decision implicitly brought Gentry into question, and recommended that the supreme court "re-examine all homicides with the exception of first degree premeditated murder to see if they are subject to attempt." Watkins, 705 So.2d at 943, (Harris, J., dissenting). However, subsequent to Watkins, the existence of the crime of attempted second-degree murder has been reviewed on appeal in two districts; neither has questioned reliance upon Gentry in light of the Gray decision, and each has affirmed the existence of the crime of attempted second-degree murder. Galdamez v. State, 713 So.2d 1128 (Fla. 3d DCA 1998); Quesenberry v. State, 711 So.2d 1359 (Fla. 2d DCA 1998); Pitts v. State, 710 So.2d 62 (Fla. 3d DCA 1998). We conclude that Gentry remains controlling and affirm. As to all other issues raised, we also affirm.
WARNER and GROSS, JJ., concur.