BAILEY, JENNIFER D., Associate Judge.
Jean Junior Many appeals his conviction for attempted first degree murder and robbery with a firearm after trial by a jury which found him guilty as charged. He was sentenced to concurrent life sentences.
Many alleges that the trial court erred by failing to instruct the jury on attempted manslaughter as a lesser-included offense to attempted first degree murder. The record reveals that the question of an attempted manslaughter instruction was raised by defense counsel during a preliminary, informal discussion of jury instructions. Subsequently, a formal jury charge conference occurred. Defense counsel did not request an attempted manslaughter instruction at the charge conference. The trial court instructed the jury on the lesser included offenses of attempted second degree with a firearm and aggravated battery with a firearm. No instruction on attempted manslaughter was requested and none was given. When asked by the trial court whether there were any objections to the instructions as read, defense counsel answered “No.” The alleged error was not preserved. See Fla. R.Crim. P. 3.390(d); Manka v. State, 720 So.2d 1109 (Fla. 4th DCA 1998).
Even had the alleged error been preserved, failure to give the attempted manslaughter' instruction would have been harmless error. See State v. Abreau, 363 So.2d 1063 (Fla.1978); Louttit v. State, 467 So.2d 756 (Fla. 3d DCA 1985).
AFFIRMED.
STEVENSON and GROSS, JJ., concur.