786 So.2d 632 (2001)
Kent G. WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-846.
District Court of Appeal of Florida, Fourth District.
May 9, 2001.
Rehearing Denied June 19, 2001.
Ian J. Goldstein of Law Offices of Ian J. Goldstein, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
*633 STONE, J.
We affirm Wilson's conviction and sentence. We also affirm an order denying his pro se motion for post-conviction relief.
Wilson was charged with robbery with a weapon. The information stated that he took money from the victim by "force, violence, assault, or putting in fear," and that "in the course of committing the robbery... WILSON carried a weapon, contrary to Florida Statute 812.12(1) and (2)(b)."
Wilson first contends that the trial court erred in refusing to instruct the jury as to the lesser-included offense of battery. At the charge conference, Wilson requested that misdemeanor battery be included as a lesser-included offense. However, he failed to object to the court's instructions as given.
An alleged error may be reviewed on appeal only if it is properly preserved or amounts to fundamental error. See § 924.051(3), Fla. Stat. (2000). It is well-settled that to preserve a jury instruction error, one must object before the jury retires to consider its verdict. Many v. State, 756 So.2d 169 (Fla. 4th DCA 2000)(refusing to review alleged jury instruction error where defendant raised question during preliminary, informal discussion but failed to object during formal charge conference or before jury retired to deliberate); Rayner v. State, 286 So.2d 604 (Fla. 2d DCA 1973)(refusing to review alleged jury instruction error where defendant raised issue during charge conference but failed to object before jury retired to deliberate). Failure to instruct on the lesser-included offense of a non-capital offense does not amount to fundamental error. Manka v. State, 720 So.2d 1109 (Fla. 4th DCA 1998).
Had the objection been preserved, we would find no error, as battery is not a lesser-included offense of armed robbery when the information does not contain the elements of that offense. See Cave v. State, 613 So.2d 454 (Fla.1993); Lawrence v. State, 685 So.2d 1356 (Fla. 2d DCA 1996). In the instant case, the information charging Wilson alleged that he took money from the victim by force, violence, assault, or putting in fear and carried a weapon at the time. It does not allege that Wilson touched or struck the victim or caused her bodily harm.
Further, any error would be harmless. State v. Abreau, 363 So.2d 1063 (Fla.1978); Pryor v. State, 755 So.2d 155 (Fla. 4th DCA 2000).
As to the other issues raised on the merits, we find no error or abuse of discretion. See Tibbs v. State, 397 So.2d 1120 (Fla.1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Grant v. State, 770 So.2d 655 (Fla.2000).
By post-trial motion, Wilson also alleged that his attorney erroneously failed to seek suppression of a fork that did not have his fingerprints on it. Although Wilson correctly argues that the trial court failed to attach portions of the record supporting its denial of relief, we have the full record before us. The record reflects that the victim identified Wilson as the man who robbed her at the store. She stated that he grabbed her and stuck a silver object in her back. When questioned after his arrest, Wilson told the officers that he had used a fork, not a knife, to intimidate the victim into giving him money. He also told the officers that he stuck the fork in the victim's back and got the money but could not specifically recall what he did with the fork. The fork in question was found in the store two days later. The record clearly demonstrates that Wilson would not be entitled to the requested *634 relief. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
WARNER, C.J., and HAZOURI, J., concur.