974 So.2d 484 (2008)
N.H.M., Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-5287.
District Court of Appeal of Florida, Second District.
January 25, 2008.
*485 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Tiffany Gatesh Fearing, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
The State filed a petition for delinquency alleging that N.H.M. committed the crimes of robbery and carrying a concealed weapon. At the conclusion of the delinquency trial, the trial judge concluded that the State had not proven that N.H.M. committed a robbery but that the evidence was sufficient to support a finding that N.H.M. committed the lesser-included crime of battery. N.H.M. objected that battery was neither a necessary lesserincluded offense of robbery nor a crime charged in the petition for delinquency. Nevertheless, the trial court entered the order now on appeal finding that N.H.M. committed a battery and carried a concealed weapon. N.H.M. raises no issues directed to the offense of carrying a concealed weapon, and that portion of the order is therefore affirmed. However, we reverse the portion of the order finding that N.H.M. committed a battery because the petition for delinquency did not contain the elements necessary to allege that N.H.M. committed that offense,
A conviction on a charge not contained in the charging document is considered *486 a denial of due process. Jaramillo v. State, 659 So.2d 1238, 1239 (Fla. 2d DCA 1995). This principle applies in juvenile delinquency proceedings. See, e.g., B.S.W. v. State, 668 So.2d 1075, 1075 (Fla. 2d DCA 1996). As a result, when an offense is not a necessarily lesser-included offense of the charged offensethat is, the offense is a "category 2" or permissive lesser-included offensethe trial court cannot convict the defendant of the lesser crime unless the allegations of the charging document include the elements of that crime. B.S.W., 668 So.2d at 1075.
Battery is not a necessarily lesser-included offense of robbery. Id. Therefore, the finding that N.H.M. committed a battery was only permissible if the petition for delinquency alleged the elements of this crime. The petition specifically alleged that N.H.M. did "unlawfully, by force, violence, assault or putting in fear rob, steal and take away from the person or custody of [the victim] certain property." Certainly the use of the term "force" suggests a physical force that may constitute a battery. However, the specific elements of battery are either actually and intentionally touching or striking another person against the will of the other or intentionally causing bodily harm to another. See § 784.03(1)(a), Fla. Stat. (2006); see also Khianthalat v. State, 935 So.2d 583, 584 (Fla. 2d DCA 2006); S.D. v. State, 882 So.2d 447, 448 (Fla. 4th DCA 2004).
Strictly speaking, the simple use of the word "force" does not encompass an intentional touching without consent or the intentional infliction of bodily harm. In Wilson v. State, 786 So.2d 632 (Fla. 4th DCA 2001), the Fourth District concluded that language similar to the language in N.H.M.'s petition "clid not properly allege a battery: "In the instant case, the information charging Wilson alleged that he took money from the victim by force, violence, assault, or putting in fear and carried a weapon at the time. It does not allege that Wilson touched or struck the victim or caused her bodily harm." Id. at 633.
In contrast, this court has found an information sufficient to allege both an attempted robbery and the lesser-included crime of battery when it stated that the defendant committed an attempted robbery "and in such attempt did an act toward the commission of such offense towit: threaten or commit a battery on [the victim] with the intent to unlawfully, by force, violence, assault or putting in fear, take away from the person or custody of [the victim] certain propertykr Ross v. State, 373 So.2d 41, 41 (Fla. 2d DCA 1979); see also Baker v. State, 578 So.2d 37, 39 (Fla. 4th DCA 1991) (stating "[t]he information in the instant case adequately alleged that appellant intentionally caused bodily harm to another," thus supporting conviction for battery as a lesser-included offense to strong-arm robbery).
In light of the holding in Wilson, 786 So.2d at 633, the use of the word "force" in the petition charging N.H.M. with robbery did not give adequate notice to N.H.M. that he faced adjudication for the crime of battery. We therefore reverse that portion of the order withholding adjudication of delinquency that finds N.H.M. guilty of battery. On remand, however, the court may consider whether the evidence was sufficient to find N.H.M. committed an assault. Assault is a necessary lesser-included offense of robbery. Richardson v. State, 523 So.2d 746, 747 (Fla. 5th DCA 1988). The elements of assault were specifically alleged in the petition, and N.H.M.'s counsel conceded that the court could find. N.H.M. guilty of assault when the court indicated it was considering *487 an adjudication for battery.[1]
Affirmed in part, reversed in part, and remanded.
DAVIS and CANADY, JJ., Concur.
NOTES
[1] We do not mandate this result. Because the petition for delinquency never alleged a battery, the State may be able to file a new petition alleging battery rather than pursue the entry of an order finding N.H.M. guilty of assault.