PER CURIAM.
Appellant seeks reversal of his conviction for robbery. He urges as support for his position the failure of the trial judge to instruct the jury on the lesser included offense of petit theft. In State v. Bruns, 429 So.2d 307. (Fla.1983), this same issue was before the court which held that “[f]unda-mental trial fairness requires that a defendant being tried for robbery should be permitted to have an instruction on a lesser included offense upon timely request.” (Emphasis supplied.) In this case, there was neither a request for such an instruction, nor an objection made for the lack of such an instruction.
We therefore affirm.
DANAHY, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.