IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


JARRELL LADUNDREA LATHAN,

        Appellant,

 v.                                    Case No.  5D16-389

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed May 26, 2017

Appeal from the Circuit Court
for Orange County,
Emerson R. Thompson, Jr., Senior Judge.

James S. Purdy, Public Defender, and
Allison A. Havens, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and L. Charlene Matthews,
Assistant Attorney General, Daytona
Beach, for Appellee.

PALMER, J.

      Jarrell Lathan (the defendant) appeals his judgment and sentence for aggravated

battery,[1] entered by the trial court after a jury found him guilty of committing numerous

offenses. He argues that the trial court's reclassification of his aggravated battery

_____

    [1] See § 784.045(1)(a), Fla. Stat. (2015).

conviction from a second-degree felony to a first-degree felony was improper because the trial court instructed the jury on both the use-of-deadly-weapon and great-bodily-harm forms of aggravated battery but the jury returned a general verdict. The State properly concedes error. See Brady v. State, 65 So. 3d 599, 602 (Fla. 5th DCA 2011) (holding that reclassification was not proper where the trial court instructed the jury on both forms of aggravated battery and the jury returned a verdict of guilty as charged).

Accordingly, the judgment and sentence entered on the aggravated battery conviction are reversed, and the matter remanded to the trial court for correction of the judgment and sentencing documents to reflect the proper classification of the defendant's aggravated battery conviction.[2]

REVERSED and REMANDED.

ORFINGER and EVANDER, JJ., concur.

---

[2] For purposes of remand, we note that section 775.087(2)(a)3. of the Florida Statutes (2015) requires a term of imprisonment of at least twenty-five years based on the jury's special finding that the defendant discharged a firearm resulting in great bodily harm on the aggravated battery count. See Jacobs v. State, 954 So. 2d 1268, 1269 (Fla. 2d DCA 2007).