# Supreme Court of Florida

_____

No. SC15-1320
_____

**JESSIE CLAIRE ROBERTS,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[March 1, 2018]

LABARGA, C.J.

Jessie Claire Roberts seeks review of the decision of the First District Court of Appeal in *Roberts v. State*, 168 So. 3d 252 (Fla. 1st DCA 2015), on the ground that it expressly and directly conflicts with this Court's decision in *Walton v. State*, 208 So. 3d 60 (Fla. 2016), on the issue of whether the failure to instruct on the necessarily lesser included offense of manslaughter by act constitutes fundamental error. We have jurisdiction. *See* art. V, § 3(b)(3), Fla. Const. For the reasons explained below, we quash the decision below to the extent it is inconsistent with *Walton* and remand to the First District for proceedings consistent with this

opinion.  Because we conclude Roberts is entitled to a new trial pursuant to *Walton*, we decline to address the remaining issues.

## FACTS AND PROCEDURAL BACKGROUND

Roberts was charged with attempted second-degree murder, sale or possession with intent to sell cannabis while armed, carrying a concealed firearm, failure of defendant on bail to appear, and possession of less than twenty grams of cannabis.  She pled guilty to carrying a concealed firearm and possession of less than twenty grams of cannabis.  A jury found her guilty of the remaining counts, specifically finding that she was guilty of attempted second-degree murder with possession and discharge of a firearm causing great bodily harm.

The district court described the facts established during trial:

> The State presented evidence that appellant shot the victim, Catrina Howard, in the face during a dispute over a marijuana transaction.  Howard testified that her cousin, Jason Marks, was attempting to purchase marijuana from appellant, but they got into a verbal dispute over payment.  Howard stated that appellant then pulled out a gun.  Howard testified she became defensive for both herself and her cousin, so she punched appellant once in the face.  In response, she stated appellant raised the gun and pointed it at her, and she put up her hands defensively in front of her face.  Appellant then fired once, shooting Howard in the neck and hand.  Howard testified that at the time of the shooting, she was standing ten feet away from appellant, she was not advancing on appellant or trying to hit her again, and no one was threatening appellant.  Marks gave testimony consistent with that of Howard.  A passerby also gave similar testimony that he saw appellant shoot the victim, who was not moving aggressively towards appellant.
> Appellant testified in her own defense.  She stated that she had the gun to her side and was backing away from Howard and Marks,

trying to retreat, when Howard punched her. Appellant testified she raised the gun, aimed it at Howard, and fired because she believed doing so was necessary to protect herself. She stated she believed that Howard and Marks would have "jumped" her if she had not shot Howard.

The jury was instructed on the charged offense of attempted second-degree murder, as well as the lesser-included offenses of aggravated battery and aggravated assault. Counsel did not request an instruction on attempted manslaughter, and no such instruction was given. The jury found appellant guilty of attempted second-degree murder as charged.

*Roberts*, 168 So. 3d at 253-54.

Roberts appealed her judgment and sentence to the First District, raising three issues: (1) the trial court committed fundamental error when it failed to instruct the jury on the necessarily lesser included offense of attempted manslaughter by act;[1] (2) the trial court committed fundamental error in giving contradictory instructions on the duty to retreat, which misstated the law and negated Roberts' only defense; and (3) the trial court erred in denying Roberts' motion for judgment of acquittal as to the second-degree murder charge. *See id.* at 253. The First District rejected Roberts' claims and affirmed her convictions and sentences. *Id.*

---

1. The offense of attempted voluntary manslaughter was renamed attempted manslaughter by act in *In re Standard Jury Instructions in Criminal Cases— Instruction 6.6*, 132 So. 3d 1124, 1126 (Fla. 2014). Although the offense was titled attempted voluntary manslaughter at the time of the crime in this case, for purposes of this opinion, we refer to the offense as attempted manslaughter by act.

This review follows.

## ANALYSIS

Roberts argues that the trial court fundamentally erred by failing to instruct the jury on the necessarily lesser included offense of attempted manslaughter by act. This raises a pure question of law subject to de novo review. *Walton*, 208 So. 3d at 64 (citing *Griffin v. State*, 160 So. 3d 63, 67 (Fla. 2015)). Because Roberts did not object to these instructions, we review for fundamental error. *See State v. Delva*, 575 So. 2d 643 (Fla. 1991) (stating jury instructions "are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred").

In order for jury instructions to constitute fundamental error, "the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error" and "occurs only when the omission is pertinent or material to what the jury must consider in order to convict." *State v. Delva*, 575 So. 2d 643, 644-45 (Fla. 1991) (quoting *Brown v. State*, 124 So. 2d 481, 484 (Fla. 1960), and *Stewart v. State*, 420 So. 2d 862, 863 (Fla. 1982)). "Additionally, the fundamental error doctrine 'should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.' "

*Martinez v. State*, 981 So. 2d 449, 455 (Fla. 2008) (emphasis removed) (quoting *Smith v. State*, 521 So. 2d 106, 108 (Fla. 1988)).

Roberts asserts the trial court committed fundamental error by failing to instruct the jury on attempted manslaughter by act, a necessarily lesser included offense of attempted second-degree murder. We agree.

A necessarily lesser included offense is one "in which the statutory elements of the lesser included offense are always subsumed within those of the charged offense." *Sanders v. State*, 944 So. 2d 203, 206 (Fla. 2006). In other words, "[w]hen the commission of one offense always results in the commission of another, then the latter is an inherent component of the former" and is a necessarily lesser included offense. *State v. Weller*, 590 So. 2d 923, 926 (Fla. 1991). It is well established that the jury must be instructed on "any lesser offense all the elements of which are alleged in the accusatory pleadings and supported by the evidence adduced at trial." *Id.* Our precedent is likewise clear that a "trial judge has no discretion in whether to instruct the jury on a necessarily lesser included offense. Once the judge determines that the offense is a necessarily lesser included offense, an instruction must be given." *Montgomery v. State*, 39 So. 3d 252, 259 (Fla. 2010) (quoting *State v. Wimberly*, 498 So. 2d 929, 932 (Fla. 1986)).

Attempted manslaughter by act is a necessarily lesser included offense of attempted second-degree murder. *Walton*, 208 So. 3d at 64. Therefore, the trial

court was required to give an instruction for attempted manslaughter by act when it gave the instruction for attempted second-degree murder. *Id.*

Here, the First District determined that a trial court's failure to instruct on the necessarily lesser included offense of attempted manslaughter by act does not constitute fundamental error in a noncapital case where such an instruction is not requested. *Roberts*, 168 So. 3d at 258. However, subsequent to the district court's decision, *Walton* was issued. In *Walton*, this Court determined that the trial court's failure to give an instruction for attempted manslaughter where the defendant was charged with attempted second-degree murder constituted fundamental error, even though the defendant did not request the attempted manslaughter instruction. 208 So. 3d at 65. We explained:

> We have repeatedly held that the failure to correctly instruct the jury on a necessarily lesser included offense constitutes fundamental error. *See, e.g.*, *Williams v. State*, 123 So. 3d 23, 27 (Fla. 2013) (holding that fundamental error occurs when the trial judge gives an incorrect instruction on the necessarily lesser included offense of attempted manslaughter for a defendant convicted of attempted second-degree murder); *Montgomery*, 39 So. 3d at 259 (same). If giving an incorrect instruction on a necessarily lesser included offense constitutes fundamental error, then *a fortiori* giving no instruction at all likewise constitutes fundamental error.

*Id.*

The relevant facts in the present case are nearly identical to those in *Walton*. Here, Roberts was charged with attempted second-degree murder, defense counsel did not request a jury instruction on the necessarily lesser included offense of

attempted manslaughter, and the trial court did not give such an instruction. Thus, like *Walton*, the trial court's failure to give the attempted manslaughter by act instruction here constitutes fundamental error. Accordingly, we hold Roberts is entitled to a new trial.

## CONCLUSION

We quash the decision below to the extent it is inconsistent with *Walton* and remand to the First District for proceedings consistent with this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, and QUINCE, JJ., concur.
POLSTON, J., dissents with an opinion, in which CANADY and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

POLSTON, J., dissenting.

Unlike the majority, I do not believe that the trial court's failure to give an unrequested attempted manslaughter by act instruction constitutes fundamental error. I would recede from this Court's holding in *Walton v. State*, 208 So. 3d 60 (Fla. 2016).

Fundamental error is error that "reach[es] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." *State v. Delva*, 575 So. 2d 643, 644-45 (Fla. 1991) (quoting *Brown v. State*, 124 So. 2d 481, 484 (Fla. 1960)). And as Justice Canady

- 7 -

has explained, "[i]n any case where the evidence supports the jury's verdict of guilt on the charged offense and no error was made in the instructions regarding that offense, it is hard to fathom how an error in an instruction [(or a failure to give an instruction)] regarding a lesser included offense would properly be considered an error without which 'a verdict of guilt could not have been obtained.' " *Haygood v. State*, 109 So. 3d 735, 749 (Fla. 2013) (Canady, J., dissenting).

Here, because the evidence supports the jury's verdict of attempted second-degree murder and the jury was properly instructed regarding attempted second-degree murder, the defendant is not entitled to a new trial based upon the failure to instruct the jury on the lesser included offense. "No defendant has the right to a trial in which the judge facilitates the jury's acting in disregard of the law," which is what the majority's decision (and the jury pardon doctrine upon which it is based) promotes. *Id.*

Accordingly, I respectfully dissent.

CANADY and LAWSON, JJ., concur.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

    First District - Case No. 1D14-321

    (Duval County)

Andy Thomas, Public Defender, and Maria Ines Suber, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Trisha Meggs Pate, Bureau Chief, Angela R. Hensel and Robert "Charlie" Lee, Assistant Attorneys General, Tallahassee, Florida,

for Respondent