LAMBERT, J.
Jarrell L. Lathan petitions this court for relief under Florida Rule of Appellate Procedure 9.141(d). Lathan was convicted after trial of attempted second-degree murder with a firearm and contends that his appellate counsel ineffectively represented him during his direct appeal by failing to argue that the trial court committed fundamental error by not instructing the jury on the necessarily lesser included offense of attempted manslaughter by act. We deny Lathan's petition; but, as we explain below, we also certify questions of great public importance to the Florida Supreme Court.
Lathan was charged with attempted first-degree murder with a firearm but was convicted of the lesser included offense of attempted second-degree murder with a firearm. The jury also separately found that during the commission of this offense, Lathan actually possessed and discharged a firearm, inflicting great bodily harm on the victim. The trial court sentenced Lathan to serve a twenty-five-year mandatory minimum prison sentence.
In the light most favorable to the State, the evidence at trial established that Lathan began arguing with his wife because he believed that she was being unfaithful to their marital vows. The argument escalated when Lathan struck his wife, put his hands around her neck, pointed a gun at her, and then threatened to kill her. As his wife tried to escape through the front door of their apartment, Lathan shot her through the abdomen. Lathan immediately fled the scene and shortly thereafter led law enforcement on an approximately fifteen-mile high speed chase that included pursuit by Orange County Sheriff deputies both in squad cars and by helicopter. Lathan turned off his headlights in an effort to avoid detection and bypassed stop sticks that law enforcement had placed in the road to puncture his tires. Lathan ultimately crashed his car in the front yard of a home and then ran from his car and hid in the homeowner's backyard. He was finally stopped by a K-9 officer, who bit Lathan in the leg and detained him until the pursuing law enforcement officers could place Lathan under arrest.
Lathan's appellate counsel raised one issue in the direct appeal. Lathan had also been convicted at trial of aggravated battery causing great bodily harm or with a firearm; and counsel argued on appeal that the trial court erred when it reclassified Lathan's aggravated battery conviction from a second-degree felony to a first-degree felony because the court instructed the jury on both the use-of-deadly-weapon and great-bodily-harm forms of aggravated battery, but the jury returned a general verdict. See Brady v. State , 65 So.3d 599, 602 (Fla. 5th DCA 2011) (holding that reclassification of an aggravated battery conviction is not proper when the trial court instructed the jury on both forms of aggravated battery and the jury returned a verdict of "guilty as charged"). The State conceded error, and we reversed and remanded *1264 to the trial court to correct the judgment and sentencing documents to reflect the proper classification of Lathan's aggravated battery conviction. Lathan v. State , 218 So.3d 510, 510 (Fla. 5th DCA 2017).[1]
Mandate issued in the direct appeal on June 13, 2017. Approximately six months earlier, the Florida Supreme Court had issued its opinion in Walton v. State , 208 So.3d 60 (Fla. 2016). There, the defendant had been convicted at trial of the charged offense of attempted second-degree murder. Id. at 64. The supreme court held that the trial court committed fundamental error by failing to instruct the jury on attempted manslaughter by act as a lesser included offense of attempted second-degree murder. Id. The court wrote that because attempted manslaughter by act is a necessarily lesser included offense of attempted second-degree murder,[2] the trial court had no discretion but to instruct the jury on this offense because "[o]nce the judge determines that the offense is a necessarily lesser included offense, an instruction must be given." Id. (quoting State v. Montgomery , 39 So.3d 252, 259 (Fla. 2010) ).
In bringing the instant petition alleging ineffective assistance of his appellate counsel, Lathan has the burden of showing that his counsel's alleged actions or omissions on direct appeal were so deficient that they fell measurably outside the range of professionally acceptable performance. See Granberry v. State , 919 So.2d 699, 700 (Fla. 5th DCA 2006). He must also demonstrate that this "deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result." See id. (citing Mansfield v. State , 911 So.2d 1160, 1178 (Fla. 2005) ).
Lathan asserts that he has met both of these requirements, contending that had his counsel argued on direct appeal that under Walton[3] the trial court fundamentally erred in failing to give the attempted manslaughter by act instruction, which is only one step removed from the convicted offense of attempted second-degree murder with a firearm, our court would have been required to reverse this conviction and remand for a new trial on this count.
During the trial, the very experienced trial judge asked both the prosecutor and defense counsel if either was requesting *1265 any specific lesser included offense jury instructions and, if so, to which count or counts. For the charged crime of attempted first-degree murder at issue in count one, there are four category one, necessarily lesser included offenses-attempted second-degree murder, attempted manslaughter by act, attempted aggravated battery (intentionally causing great bodily harm), and attempted battery (intentionally causing bodily harm). See Fla. Std. Jury Instr. (Crim.) 6.2. The prosecutor responded that the State was requesting the lesser included offense instruction of attempted second-degree murder with a firearm. Defense counsel thereafter affirmatively represented to the court that he had no requests for any other lesser included offense jury instructions.
Then, on the final morning of the trial and once again just prior to instructing the jury, the trial judge checked with both the prosecutor and defense counsel to determine if there were any objections to the proposed jury instructions and if the instructions were acceptable. Defense counsel again specifically responded to the judge that he had no objections and that the instructions were acceptable. Thus, the only lesser included offense jury instruction given on any of the six counts tried was the aforementioned attempted second-degree murder with a firearm on count one. As previously indicated, the jury returned a guilty verdict on this lesser included offense.
"Jury instructions are subject to the contemporaneous objection rule. In the absence of an objection at trial, a challenge can be raised on appeal only if fundamental error occurred." Daugherty v. State , 211 So.3d 29, 39 (Fla. 2017) (citing State v. Delva , 575 So.2d 643, 644 (Fla. 1991) ). As indicated, Lathan's trial counsel raised no objections to the jury instructions as given. Therefore, because any alleged error by the trial court in not giving the attempted manslaughter by act jury instruction was not preserved for appellate review, relief is available to Lathan here only if he shows that this failure to give the attempted manslaughter by act instruction was fundamental error. See Hendrix v. State , 908 So.2d 412, 426 (Fla. 2005) ("[A]ppellate counsel may not be deemed ineffective for failing to challenge an unpreserved issue on direct appeal unless it resulted in fundamental error." (citing Rutherford v. Moore , 774 So.2d 637, 646 (Fla. 2000) )).
In its response to Lathan's petition, the State first asserts that no fundamental error occurred and therefore appellate counsel was not ineffective because the omitted attempted manslaughter by act lesser included offense jury instruction is more than one step removed from Lathan's charged offense of attempted first-degree murder with a firearm, as opposed to his convicted offense of attempted second-degree murder with a firearm.[4] However, based on the Florida Supreme Court's decision in Montgomery , we disagree. In that case, the defendant was charged with first-degree murder. 39 So.3d at 254. Manslaughter is a category one lesser included offense of first-degree murder, albeit two steps removed. See Fla. Std. Jury Instr. (Crim.) 7.2. Nevertheless, because it is a category one lesser included *1266 offense of first-degree murder, the court held that the trial court had no discretion and was required to instruct the jury on manslaughter. Montgomery , 39 So.3d at 259.
The trial court did give the then-flawed manslaughter by act jury instruction; and the defendant was convicted not of the charged offense but of the lesser included offense of second-degree murder, which is only one step removed from manslaughter. Id. On appeal, and in apparent recognition that no objection had been raised at trial, the defendant argued that the trial court committed fundamental error by utilizing the flawed manslaughter by act jury instruction. Id. at 254-55. The Florida Supreme Court, acknowledging its earlier decision in Pena v. State , 901 So.2d 781, 787 (Fla. 2005), that "when the trial court fails to properly instruct on a crime two or more degrees removed from the crime for which the defendant is convicted, the error is not per se reversible, but instead is subject to a harmless error analysis," held that because the defendant's conviction for second-degree murder was only one step removed from the necessarily lesser included offense of manslaughter, fundamental error occurred in giving the flawed manslaughter by act jury instruction. Id. at 259-60.
Three years later, in Williams v. State , 123 So.3d 23, 25 (Fla. 2013), the court applied this same analysis when the defendant was charged with attempted first-degree murder and was convicted of the lesser included offense of attempted second-degree murder. There, the court reversed for a new trial, holding that the trial court had committed fundamental error in giving the then-flawed attempted manslaughter by act standard jury instruction, when the defendant was convicted of attempted second-degree murder, a crime no more than one step removed from the improperly-instructed lesser included offense. Id. at 29-30. Later, in Walton , the court made clear that while Montgomery and Williams both involved the giving of a fundamentally flawed lesser included offense jury instruction, if the giving of a flawed instruction in such circumstances was fundamental error, "then a fortiori giving no instruction at all likewise constitutes fundamental error." 208 So.3d at 65. Under these precedents, we conclude that the State's argument here that the fundamental error analysis applies only when the omitted category one lesser included offense jury instruction is one step removed from the charged, as opposed to the convicted, offense is misplaced.
The State's second argument in this case is also unpersuasive. It contends that because the jury was instructed on both aggravated battery with a firearm and aggravated assault with a firearm, any error by the court in not giving the category one lesser included attempted manslaughter by act instruction on the charge of attempted first-degree murder with a firearm was "cured" because the jury had two comparable and viable alternatives to the absent manslaughter by act instruction. See McCloud v. State , 209 So.3d 534, 542 (Fla. 2017) (holding that fundamental error resulting from the use of the flawed manslaughter by act instruction is cured when the jury is properly instructed on two comparable and viable alternatives to manslaughter by act, both one step removed from the convicted offense of second-degree murder, and the conviction is supported by the evidence). McCloud provides no support for the State here because both aggravated battery with a firearm and aggravated assault with a firearm were separately charged offenses in counts two and three, respectively, and these jury instructions were specifically given for those two counts, and not as comparable and viable alternatives to the charge of attempted *1267 first-degree murder with a firearm in count one.
While recognizing the precedents from our high court in both Walton and Roberts , we nevertheless conclude that Lathan is not entitled to relief because, through his trial counsel, Lathan voluntarily waived his right to have the jury instructed on the lesser included offense of manslaughter by act. In Jones v. State , 484 So.2d 577 (Fla. 1986), the Florida Supreme Court held that in a noncapital case, a defendant, through counsel, may waive his or her right to have the jury instructed on necessarily lesser included offenses. Id. at 579. The defendant there was charged with aggravated battery. Id. at 578. A category one lesser included offense to this charge is simple battery, for which the defendant was entitled to an instruction. Id. At the jury instruction charge conference, the trial judge, much like the judge in the present case, asked counsel which lesser included offense instructions were desired. Id. Counsel responded that his client did not want any lesser included instructions and was waiving them. Id.
The defendant was convicted as charged and, on appeal, argued that fundamental error had occurred when the trial judge did not instruct the jury on the lesser included offense of battery because he did not personally waive his right to this instruction. Id. at 579. The Florida Supreme Court disagreed, finding that the defendant had been "accorded his full measure of due process" and that "no personal waiver [from the defendant] is required in order to guarantee fundamental fairness in the non-capital context." Id. The court further found that a client is bound by the acts of his or her attorney performed within the scope of the attorney's authority, concluding its opinion as follows:
Recognizing the role of defense counsel necessarily involves a number of tactical decisions and procedural determinations inevitably impacting on a defendant's constitutional rights, we find that no useful purpose would here be served by requiring the court to ensure that, in this instance, counsel's conduct truly represents the informed and voluntary decision of the client.
Id. at 579-80 (citing Estelle v. Williams , 425 U.S. 501, 512, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976) ).
We see no meaningful distinction between the actions of counsel in Jones responding to the trial court that his client was waiving his right to have the jury instructed on a category one lesser included offense and Lathan's counsel, after having heard the State ask for a category one lesser included instruction of attempted second-degree murder with a firearm, thereafter affirmatively advising the court that he would not be seeking any other lesser included instructions on behalf of his client and then, on two subsequent occasions, confirming to the court that the jury instructions to be given were acceptable and there were no objections to them. We have no reason to believe that trial counsel was unaware of the remaining available category one lesser included instructions for attempted first-degree murder, nor has Lathan suggested that his trial counsel acted outside the scope of his authority when advising the court that Lathan did not seek any further lesser included offense instructions. Moreover, there appears to be nothing in either the Walton or Roberts decisions that suggests to us that a defendant cannot knowingly waive his or her right to have the jury instructed on any or all available category one lesser included offenses to a given charge.
Fundamental error in the context of jury instructions has been defined by our supreme court as an error that "must reach down into the validity of the trial *1268 itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error" and "occurs only when the omission is pertinent or material to what the jury must consider in order to convict." Roberts , 242 So.3d at 298. Here, the jury was properly instructed on the convicted charge of attempted second-degree murder with a firearm, and the evidence presented at trial readily supported the conviction.[5] Furthermore, in our view, Lathan's trial counsel knowingly and voluntarily waived, on his behalf, the right to have the jury instructed on the necessarily lesser included offense of attempted manslaughter by act. We therefore conclude that no fundamental error has been demonstrated. Consequently, Lathan's appellate counsel had no reason to make this argument in the direct appeal.
For these reasons, we deny Lathan's petition alleging ineffective assistance of appellate counsel. Nevertheless, because we have significant concerns as to the interplay between the Jones , Walton , Roberts , and Dean decisions regarding the issue presented here, we certify the following questions of great public importance to the Florida Supreme Court:
1. IN LIGHT OF WALTON v. STATE , 208 SO.3D 60 (FLA. 2016), AND ROBERTS v. STATE , 242 SO.3D 296 (FLA. 2018), MAY A DEFENDANT IN A NONCAPITAL CASE STILL WAIVE CATEGORY ONE LESSER INCLUDED OFFENSE JURY INSTRUCTIONS UNDER JONES v. STATE , 484 SO.2D 577 (FLA. 1986) ?
2. IF SO, MUST DEFENSE COUNSEL ANNOUNCE AN EXPRESS WAIVER ON THE RECORD OF THE CATEGORY ONE INSTRUCTION, OR IS COUNSEL'S AFFIRMATIVE DECLINATION TO THE TRIAL COURT'S INQUIRY OF WHETHER ANY LESSER INCLUDED OFFENSE INSTRUCTIONS ARE BEING REQUESTED SUFFICIENT TO WAIVE THE GIVING OF CATEGORY ONE LESSER INCLUDED OFFENSE INSTRUCTIONS?
3. WHEN THE EVIDENCE AT TRIAL READILY SUPPORTS THE JURY'S VERDICT OF GUILT FOR ATTEMPTED SECOND-DEGREE MURDER WITH A FIREARM AND NO ERROR WAS MADE IN THE INSTRUCTIONS REGARDING THAT OFFENSE, IS THE TRIAL COURT'S DECISION NOT TO GIVE THE ATTEMPTED MANSLAUGHTER BY ACT LESSER INCLUDED OFFENSE INSTRUCTION FUNDAMENTAL ERROR WHEN DEFENSE COUNSEL AFFIRMATIVELY RESPONDS TO THE TRIAL COURT THAT COUNSEL IS REQUESTING NO LESSER INCLUDED OFFENSE INSTRUCTIONS?
4. DID THE COURT'S DECISION IN DEAN v. STATE , 230 SO.3D 420 (FLA. 2017), ABROGATE THE JURY PARDON DOCTRINE OR, AT THE VERY LEAST, DOES IT NOW REQUIRE THE APPLICATION OF THE HARMLESS ERROR ANALYSIS WHEN A CATEGORY
*1269 ONE LESSER INCLUDED OFFENSE JURY INSTRUCTION, ONE STEP REMOVED FROM THE CONVICTED OFFENSE, IS NOT GIVEN?
PETITION DENIED; QUESTIONS CERTIFIED.
EDWARDS, J., concurs.
EISNAUGLE, J., concurs specially, with opinion.
EISNAUGLE, J., concurring specially.
I concur in the certified questions and agree with the majority that the petition should be denied. Lathan was asked, through counsel, if he wanted instructions for any additional lesser included offenses read to the jury, and he declined. In my view, requiring magic words to effect a waiver of this right would unnecessarily put form over substance.
I also reluctantly concur that, were it not for Lathan's waiver, we would be required to grant the petition based upon our supreme court's opinions in Roberts v. State , 242 So.3d 296 (Fla. 2018) ; Walton v. State , 208 So.3d 60 (Fla. 2016) ; and State v. Montgomery , 39 So.3d 252 (Fla. 2010). This line of cases is built upon the premise that "[a] jury must be given a fair opportunity to exercise its inherent 'pardon' power by returning a verdict of guilty as to the next lower crime." Pena v. State , 901 So.2d 781, 787 (Fla. 2005).
However, were I writing on a clean slate, I would conclude that "[n]o defendant has the right to a trial in which the judge facilitates the jury's acting in disregard of the law, which is what the [ Roberts ] decision (and the jury pardon doctrine upon which it is based) promotes." Roberts , 242 So.3d at 300 (Polston, J., dissenting) (internal quotation marks and citation omitted).

Lathan was additionally convicted of aggravated assault with a firearm, battery, fleeing or attempting to elude a law enforcement officer at high speed or with wanton disregard, and resisting an officer without violence. These convictions and resulting sentences were not challenged on direct appeal and are not at issue in this proceeding.

There are two categories of lesser included offenses-necessary, or category one, and permissive, also called category two. Sanders v. State , 944 So.2d 203, 206 (Fla. 2006). An offense is a necessary or category one lesser included offense "[i]f the statutory elements of the lesser included offense are always subsumed by those of the charged offense."Stevens v. State , 195 So.3d 403, 405 (Fla. 2d DCA 2016) (citing Williams v. State , 957 So.2d 595, 598 (Fla. 2007) ).

The Florida Supreme Court, in a later four-to-three decision, reiterated its decision in Walton that a trial court commits fundamental error, entitling the defendant to a new trial, when the defendant is charged with attempted second-degree murder, counsel does not request a jury instruction on the necessarily lesser included offense of attempted manslaughter by act, and the trial court does not give such an instruction. See Roberts v. State , 242 So.3d 296, 299 (Fla. 2018). The Roberts decision was released approximately eight and one-half months after the mandate was issued in Lathan's direct appeal. Lathan understandably has not asserted that his counsel was ineffective for failing to argue this later decision in Roberts .

See State v. Abreau , 363 So.2d 1063, 1064 (Fla. 1978) (holding that the trial court's failure to give a requested jury instruction on a necessarily included offense one step removed from the charged offense is per se reversible error but that the omission of an instruction on an offense that is two or more steps removed is subject to a harmless error analysis). Abreau , however, is distinguishable from the present case because there the defendant was convicted as charged. Id. Thus, the trial court did give the category one lesser included instruction that was only one step removed from the convicted offense.

See Dean v. State , 230 So.3d 420, 424-26 (Fla. 2017) (approving the result of the district court's decision to affirm the defendant's convictions for the reasons expressed in Justice Polston's concurring opinion that "where the evidence supports the charged offense of [second-degree felony murder] as well as the requested instruction on a necessarily lesser included offense [of manslaughter], any error in failing to give the requested instruction is harmless because the defendant is not entitled to an opportunity for a jury pardon").